IN THE UNITED STATES DISTRICT COURT IN AND
FOR THE SOUTHERN DISTRICT OF FLORIDA

Tonya Moore,

    Plaintiff,

VS

UNIVERSITY OF MIAMI HOSPITAL,

    Defendant.

_____/

CASE NUMBER: 24-22878

FILED BY _____ D.C.

AUG 16 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

### **EMPLOYMENT DISCRIMINATION COMPLAINT**

***COMES NOW***, Plaintiff Tonya Moore, and Pro Se, hereby files this complaint against the above captioned Defendants and in support thereof offers the following:

1. This is an action for legal and equitable relief to redress unlawful Discrimination and harassment based on race, against the Plaintiff, Tonya Moore, by the Defendants.

2. The suit is brought to seek a declaratory judgment that Defendants have engaged in a systemic pattern and practice of racial discrimination in employment opportunities and to secure damages, along with the protection thereof and to redress the deprivation of rights.

3. The rights Plaintiff seeks are secured by Title VII of the Civil Rights Act of 1964, as amended 2000e, 42 U.S.C. 1981, 28 USC 1367, 42 USC 1988 and the Florida Civil Rights act of 1992, Florida Statue 760, which provide for relief against discrimination and harassment in employment.

4. Specifically, Plaintiff, TONYA MOORE, by and through the undersigned counsel, brings this action against the University of Miami Hospital and other Defendants for violation of and federal and state law and in support thereof hereby offers the following:

## JURISDICTION

5. Jurisdiction is authorized and instituted pursuant to a Federal Question, Title VII of the Civil Rights Act of 1964, as amended 2000e, 42 U.S.C. 1981, 28 U.S.C 1367 Pendent Jurisdiction and the Florida Civil Rights act of 1992, Florida Statue 760.

## VENUE

6. Venue is proper in the Southern District of Florida because the Defendants place of business is located therein and because the actions alleged by the Plaintiffs occurred within the Southern District of Florida.

## PARTIES

7. Plaintiff, **Tonya Moore**, is of African American, female citizen is a member of a protected class who resides in Broward County Florida and at all times was sui juris.

8. Defendant, University of Miami Hospital is authorized to conduct business in the State of Florida who has 15 or more employees for each working day in each of 20 or more calendar weeks at all relevant times and is located in Miami Dade County.

## FACTUAL ALLEGATIONS

9. Plaintiff, Tonya Moore, an African American Female, and was a Registered Nurse at the University of Miami Hospital.

10. Plaintiff is also a Respiratory Therapist and part of the Code Blue Team which is a group of professionals with different specialties that come together to see what could be done to save a patient's life.

11. Plaintiff Moore cancer patients in various stages of cancer from diagnosis to end stage of the disease.

12. Altogether, Plaintiff had been working for the University of Miami Hospital for sixteen years.

13. Plaintiff was also the Union Representative, at Service Employees International Union hereinafter SEIU 1199.
14. Here Plaintiff advocated for employees and tried to resolve issues with upper management staff.

15. Plaintiff's problem started when she was working with a High-Profile Patient active dying with end stage pancreatic cancer.

16. Plaintiff did all of the medical procedures that she could do for her, and the patient passed.

17. After the patient passed the family began to blame the Plaintiff and the stand-in manager made a report to Human Resources after a family member stated that she did not care without giving any specifics.

18. Another situation was when Plaintiff did a skin assessment on a cancer patient who was reluctant to participate in the assessment.

19. Other medical professionals at the hospital assessed the patient and reported similar results.

20. The three Africana-Americans were sent to human resources for discipline and all of them was relieved from their employment at the hospital.

21. No report was made by the upper management to the Florida Board of Nursing indicating that the Plaintiff was negligent, violated the duties of care or otherwise.

22. Plaintiff has a myriad of other situations that took place at the hospital, where other employees that were not from the protected class, were treated differently and were not fired from their employment.

23. Has made complaints to Human Resources concerning the situations but never responded to any complaint that was made.

24. After Plaintiff was fired from her job, Plaintiff filed a case with the Equal Employment Opportunity Commission.

25. On, June 26, 2024, Plaintiff filed a lawsuit in the Southern District of Florida Federal Court against the Defendant to redress her grievances.

26. Plaintiff has filed causes of action under the Federal and state of Florida statutes because they are given the same construction.

27. Plaintiff will present factual and circumstantial evidence to present a convincing mosaic of circumstances that would allow a jury to infer intentional discrimination by the Defendant.

## COUNT ONE
## UNIVERSITY OF MIAMI HOSPITAL
## RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
## as amended, 42 U.S.C. §2000e

28. Plaintiff Tonya Moore of African American descent, female, and as such is a member of a protected class.

29. At all times, Plaintiff Tonya Moore was qualified for the job as a Registered Nurse working at the University of Miami Hospital, and was up to date on all training which includes workshops and classes for sixteen years.

30. Plaintiff has used her skills to save over fifty lives while being employed at the University of Miami Hospital.

31. Plaintiff, Tonya Moore, was subjected to adverse employment action when she was fired from her job without cause on May 21, 2024.

32. Plaintiff was fired for allegedly not reporting a hospital acquired injury that was the size of a dime, which was also missed by other nurses could have nonexistent when Plaintiff examined the patient.

33. The Patient's injury could have been hospital acquired or the patient came in with it, as it was not discovered by the emergency room personnel or other nurses that worked with the patient.

34. The patient went on to state that he did not understand the big deal because he came into the hospital with the dime sized injury.

4

35. Two other nurses that were of African decent were also relieved from their position because they did not see or record an injury on this same patient.

36. The injury could have been hospital acquired or the patient came in with it, as it was not discovered by the emergency room personnel or other nurses that worked with the patient.

37. The University of Miami Hospital has many similarly situated individuals that are Spanish speaking and Anglo, who are outside of the protected class that are treated more favorably.

38. There were occasions where Plaintiff found injuries on patients, missed by nurses outside of the protected class, where and took pictures for the charge nurse, and these individuals were never subjected to disciplinary action.

39. In other situations, University of Miami Hospital, nurses outside of the protected class, documented that a patient's skin was intact, when it was not, and never took pictures of the same, and no disciplinary action was taken against them.

40. Plaintiff Tonya Moore tried to redress her grievance by filing a charge with the Equal Employment Opportunity Commission.

41. Plaintiff, Tonya Moore, also tried to redress her grievance by filing a charge with the National Labor Relations Board.

42. Upper Management University of Miami Hospital refused to mediate the case; therefore, Plaintiff filed these causes of action against the above captioned Defendants.

43. Any stated reasons for the Defendant's conduct were not the true reasons, but instead, was pre-text to hide the Defendant's discriminatory animus.

44. This is the basis for holding the University of Miami Hospital liable for the discrimination that Plaintiff underwent.

45. Any stated reasons for the Defendant's conduct were not the true reasons, but

## COUNT TWO
## UNIVERSITY OF MIAMI HOSPITAL
## RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
## as amended, 42 U.S.C. §2000e

46. Plaintiff, Tonya Moore, African American and as such is a female and as such is a member of a protected class.

47. Plaintiff, Tonya Moore, engaged in statutorily protected expression when she reported to the CEO, Kim Manni, and Human Resources a situation where an African American patient died, in part, due to the lack of medical care.

48. This patient was not treated for a high potassium level, which aided in the patient's death.

49. Another occasion Plaintiff filed a grievance to the union, S.E. I. U. 1199, because the Emergency Room employees was sending patients to the floor without proper medical information.

50. It is generally known in the medical community, that the lack of medical documentation for patients placed on the floor, places them at risk as well as places the nurses license in jeopardy.

51. Plaintiff, Tonya Moore, on occasions, has found injuries and discrepancies and reported them to management and no adverse action was ever taken against any individual.

52. Plaintiff Tonya Moore suffered an adverse employment action when she was fired from her job as a Registered Nurse at the University of Miami Hospital on May 21, 2024.

53. There was a causal connection between Tonya Moore making reports to the CEO of the University of Miami Hospital, Human Resources and being fired from her position.

54. Tonya Moore adverse employment action of being terminated was based on her race as similarly situated employees outside the racial class were not subjected to this treatment.
55. Defendant's conduct as alleged at length herein constitutes discrimination based on a violation of Title VII of the Civil Rights Act of 1964 as amended.

56. Any stated reasons for the Defendant's conduct were not the true reasons, but instead, were pre-text to hide the Defendant's discriminatory animus.

57. The University of Miami Hospital is responsible for the environment under a theory of either vicarious and/or direct liability.

58. This is the basis for holding the University of Miami Hospital liable for the discrimination that Plaintiff underwent.

59. Plaintiff seeks damages that are outlined in the prayer for relief in this complaint.

## COUNT THREE
## UNIVERSITY OF MIAMI HOSPITAL
## HOSTILE WORK ENVIRONMENT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
## as amended, 42 U.S.C. §2000e

60. Plaintiff Tonya Moore is an African American female and as such is a member of a protected class.

61. Plaintiff was the Delegate Captain for S.E.I.U. 1199 Union, for the Oncology Unit at the University of Miami Hospital.

62. Plaintiff engaged in statutorily protected expression when she reported health care violations and improper medical procedure to Human Resources.

63. The job of the Delicate Captain was to write up grievances, resolve complaints between staff and management, and to aid in solving problems at the hospital.

59. Plaintiff suffered unwelcomed harassment after she reported after to a charge nurse that a person died because of the quality of care that he received at the Hospital.

64. Plaintiff suffered further unwelcomed harassment when she reported to upper management that patients were being sent to the floor without proper medical documentation and physical history.

65. This made Plaintiff's work environment hostile, knowing that she would be at risk for losing or compromising her nursing license.

66. Plaintiff underwent to scorn and ridiculed by upper management, when they stated that she made the floor look bad because she filed grievances against Managers and the Director for improper conduct taking place at the hospital.

67. Upper management employees being humiliated and embarrassed Plaintiff in front of other staff and coworkers.

68. The hostile work environment was objective persistent because the frequency and severity was on a daily or weekly basis and was so severe that Plaintiff eventually lost her job.

69. The hostile work environment was also subjectively subjective as the unfairness of the managers made the job practically unbearable.

70. The demands from upper manage employees was so unreasonable that it interfered with her job.

45. The harassment was severe and pervasive and enough to alter the terms and conditions of her employment and created a hostile work environment.

46. The University of Miami Hospital is vicariously and/or directly liable for the hostile work environment.

47. The hostile work environment met both objective and subjective standard to support a hostile work environment claim.

48. Plaintiff engaged in statutorily protected expression when she reported health care violation and improper medical procedure to Human Resources.

44. Plaintiff made reports against managers, poor levels of care and policies and procedure being broken or not being completely followed.

71. Tonya Moore was subjected to unwelcome harassment by upper management personnel that altered the terms and conditions of her employment and was ultimately fired.

72. The hostile work environment, and harassment was so severe and so pervasive that it altered the terms or conditions" of the employee's employment.

73. Plaintiff was sent emails asking her to resign from her position or be terminated at the end of the day.

74. The University of Miami Hospital is responsible for the environment under a theory of either vicarious and/or direct liability.

75. This is the basis for holding the University of Miami Hospital liable for the discrimination that Plaintiff underwent.

76. Plaintiff seeks damages that are outlined in the prayer for relief in this complaint.

## COUNT FOUR
## UNIVERSITY OF MIAMI HOSPITAL
## NATIONAL ORIGIN
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
## as amended, 42 U.S.C. §2000e

77. Plaintiff is of African American and as such is a member of a protected class.

78. Plaintiff was fired from her position as a Registered Nurse based on her National Origin as the native Spanish speakers were not subjected to that treatment.

79. Most of the employees that worked for the Defendant were not of African American descent and Upper Management employees treated Plaintiff differently.

80. Plaintiff was discriminated against and excluded by Upper Management employees because she was not a Spanish speaker.

81. When Defendant's Upper Management Employees would have discussions concerning policies and procedures, they would speak Spanish, knowing that Plaintiff would not understand, leaving her excluded.

82. At all times, Plaintiff was qualified to do her job as a nurse at the University of Miami Hospital.

83. Individuals that were similarly situated that were not from the protected class were not subjected to such treatment including unlawful termination.

84. Plaintiff has a list of individuals that violated policies and procedures of the University of Miami Hospital individual that are not from the protected class that was able to keep their job with the hospital.

85. Defendant treated individuals in Plaintiff's protected class less favorable than individuals outside of the class because most of which do not have the resources to fight their case.

86. This is the basis for holding the University of Miami Hospital liable for the discrimination that Plaintiff underwent.

87. Plaintiff Tonya Moore tried to redress her grievance by trying to mediate her situation by filing a charge with the Equal Employment Opportunity Commission but Defendants refused; therefore, this cause of action was filed by the Plaintiff.

88. Any reason that the University of Miami Hospital would give for the treatment of the Plaintiff would not be the true reason but instead were pre-text to hide their racial animus.

89. Plaintiff will be seeking damages that are outlined in the prayer for relief in this complaint.

## COUNT FIVE

## UNIVERSITY OF MIAMI HOSPITAL
## RACE DISCRIMINATION
## VIOLATION OF FLORIDA STATUTE 760

90. Plaintiff Tonya Moore of African American descent, female, and as such is a member of a protected class.

91. At all times, Plaintiff Tonya Moore was qualified for the job as a Registered Nurse working at the University of Miami Hospital, and was up to date on all training which includes workshops and classes for sixteen years.

92. Plaintiff has used her skills to save over fifty lives while being employed at the University of Miami Hospital.

93. Plaintiff, Tonya Moore, was subjected to adverse employment action when she was fired from her job without cause on May 21, 2024.

94. Plaintiff was fired for allegedly not reporting a hospital acquired injury that was the size of a dime, which was also missed by other nurses could have nonexistent when Plaintiff examined the patient.

95. The Patient's injury could have been hospital acquired or the patient came in with it, as it was not discovered by the emergency room personnel or other nurses that worked with the patient.

96. The patient went on to state that he did not understand the big deal because he came into the hospital with the dime sized injury.

97. Two other nurses that were of African decent were also relieved from their position because they did not see or record an injury on this same patient.

98. The injury could have been hospital acquired or the patient came in with it, as it was not discovered by the emergency room personnel or other nurses that worked with the patient.

99. The University of Miami Hospital has many similarly situated individuals that are Spanish speaking and Anglo, who are outside of the protected class that are treated more favorably.

100. There were occasions where Plaintiff found injuries on patients, missed by nurses outside of the protected class, where and took pictures for the charge nurse, and these individuals were never subjected to disciplinary action.

101. In other situations, University of Miami Hospital, nurses outside of the protected class, documented that a patient's skin was intact, when it was not, and never took pictures of the same, and no disciplinary action was taken against them.

102. Plaintiff Tonya Moore tried to redress her grievance by filing a charge with the Equal Employment Opportunity Commission.

103. Plaintiff, Tonya Moore, also tried to redress her grievance by filing a charge with the National Labor Relations Board.

104. Upper Management University of Miami Hospital refused to mediate the case; therefore, Plaintiff filed these causes of action against the above captioned Defendants.

105. Any stated reasons for the Defendant's conduct were not the true reasons, but instead, was pre-text to hide the Defendant's discriminatory animus.

106. This is the basis for holding the University of Miami Hospital liable for the discrimination that Plaintiff underwent.

107. Any stated reasons for the Defendant's conduct were not the true reasons, but

## COUNT SIX
## UNIVERSITY OF MIAMI HOSPITAL
## RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
## as amended, 42 U.S.C. §2000e

108. Plaintiff, Tonya Moore, African American and as such is a female and as such is a member of a protected class.

12

109. Plaintiff, Tonya Moore, engaged in statutorily protected expression when she reported to the CEO, Kim Manni, and Human Resources a situation where an African American patient died, in part, due to the lack of medical care.

110. This patient was not treated for a high potassium level, which aided in the patient's death.

111. Another occasion Plaintiff filed a grievance to the union, S.E. I. U. 1199, because the Emergency Room employees was sending patients to the floor without proper medical information.

112. It is generally known in the medical community, that the lack of medical documentation for patients placed on the floor, places them at risk as well as places the nurses license in jeopardy.

113. Plaintiff, Tonya Moore, on occasions, has found injuries and discrepancies and reported them to management and no adverse action was ever taken against any individual.

114. Plaintiff Tonya Moore suffered an adverse employment action when she was fired from her job as a Registered Nurse at the University of Miami Hospital on May 21, 2024.

115. There was a causal connection between Tonya Moore making reports to the CEO of the University of Miami Hospital, Human Resources and being fired from her position.

116. Tonya Moore adverse employment action of being terminated was based on her race as similarly situated employees outside the racial class were not subjected to this treatment.

117. Defendant's conduct as alleged at length herein constitutes discrimination based on a violation of Title VII of the Civil Rights Act of 1964 as amended.

118. Any stated reasons for the Defendant's conduct were not the true reasons, but instead, were pre-text to hide the Defendant's discriminatory animus.

119. The University of Miami Hospital is responsible for the environment under a theory of either vicarious and/or direct liability.

120. This is the basis for holding the University of Miami Hospital liable for the discrimination that Plaintiff underwent.

121. Plaintiff seeks damages that are outlined in the prayer for relief in this complaint.

**COUNT THREE
UNIVERSITY OF MIAMI HOSPITAL
HOSTILE WORK ENVIRONMENT
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
as amended, 42 U.S.C. §2000e**

122. Plaintiff Tonya Moore is an African American female and as such is a member of a protected class.

123. Plaintiff was the Delegate Captain for S.E.I.U. 1199 Union, for the Oncology Unit at the University of Miami Hospital.

124. Plaintiff engaged in statutorily protected expression when she reported health care violations and improper medical procedure to Human Resources.

125. The job of the Delicate Captain was to write up grievances, resolve complaints between staff and management, and to aid in solving problems at the hospital.

59. Plaintiff suffered unwelcomed harassment after she reported after to a charge nurse that a person died because of the quality of care that he received at the Hospital.

126. Plaintiff suffered further unwelcomed harassment when she reported to upper management that patients were being sent to the floor without proper medical documentation and physical history.

127. This made Plaintiff's work environment hostile, knowing that she would be at risk for losing or compromising her nursing license.

128. Plaintiff underwent to scorn and ridiculed by upper management, when they stated that she made the floor look bad because she filed grievances against Managers and the Director for improper conduct taking place at the hospital.

129. Upper management employees being humiliated and embarrassed Plaintiff in front of other staff and coworkers.

130. The hostile work environment was objective persistent because the frequency and severity was on a daily or weekly basis and was so severe that Plaintiff eventually lost her job.

131. The hostile work environment was also subjectively subjective as the unfairness of the managers made the job practically unbearable.

132. The demands from upper manage employees was so unreasonable that it interfered with her job.

45. The harassment was severe and pervasive and enough to alter the terms and conditions of her employment and created a hostile work environment.

46. The University of Miami Hospital is vicariously and/or directly liable for the hostile work environment.

47. The hostile work environment met both objective and subjective standard to support a hostile work environment claim.

48. Plaintiff engaged in statutorily protected expression when she reported health care violation and improper medical procedure to Human Resources.

44. Plaintiff made reports against managers, poor levels of care and policies and procedure being broken or not being completely followed.

133. Tonya Moore was subjected to unwelcome harassment by upper management personnel that altered the terms and conditions of her employment and was ultimately fired.

134. The hostile work environment, and harassment was so severe and so pervasive that it altered the terms or conditions" of the employee's employment.

135. Plaintiff was sent emails asking her to resign from her position or be terminated at the end of the day.

136. The University of Miami Hospital is responsible for the environment under a theory of either vicarious and/or direct liability.

137. This is the basis for holding the University of Miami Hospital liable for the discrimination that Plaintiff underwent.

138. Plaintiff seeks damages that are outlined in the prayer for relief in this complaint.

## COUNT EIGHT
## UNIVERSITY OF MIAMI HOSPITAL
## NATIONAL ORIGIN
## VIOLATION OF FLORIDA STATUTE 760

139. Plaintiff is of African American and as such is a member of a protected class.

140. Plaintiff was fired from her position as a Registered Nurse based on her National Origin.

141. Individuals that were similarly situated that were not from the protected class were not subjected to such treatment including unlawful termination.

142. Plaintiff has a list of individuals that violated policies and procedures of the University of Miami Hospital individual that are not from the protected class that was able to keep their job with the hospital.

143. Defendant treated individuals in Plaintiff's protected class less favorable than individuals outside of the class because most of which do not have the resources to fight their case.

144. This is the basis for holding The University of Miami Hospital liable for the discrimination that Plaintiff underwent.

145. Plaintiff Tonya Moore tried to redress her grievance by trying to mediate her situation by filing a charge with the Equal Employment Opportunity Commission but Defendants refused; therefore, this cause of action was filed by the Plaintiff.

146. Any reason that The University of Miami Hospital would give for the treatment of the Plaintiff would not be the true reason but instead were pretext to hide their racial animus.

147. Plaintiff will be seeking damages that are outlined in the prayer for relief in this complaint.

### PRAYER FOR RELIEF

Plaintiff prays for the Honorable Grant the following relief:

a. Sign a Judgment in Plaintiff's favor
b. Reinstatement
c. Back pay
d. Front Pay (including pay raises)
e. Restoration of leave times and seniority
f. Retroactive promotion
g. $300,000.00 in compensatory damages for Title VII Counts
i. Compensation damages for Mental anguish
j. Emotional Pain
k. Loss of enjoyment for life
l. Inconvenience m.
m. Punitive Damages
o. Any further relief the Courts deems just and proper

**CERTIFICATE OF SERVICE I HEREBY CERTIFY** that a copy of the foregoing was furnished by through the clerk of court of the Southern District of Florida Federal; this 16th day of July 2024.

/S/ **Tonya Moore**
Tonya Moore
7180 Tropicana Street
Miramar, Florida 33023

Tel: (786) 315- 1154

e-mail: Tonya.mooore68@gmail.com